CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 SEP -4  PM 3: 59
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID HAROLD GREER, JR., | § | |
| Petitioner, | § | |
| v. | § | 2:14-CV-0198 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY RESPONDENT'S MOTION TO DISMISS

On September 15, 2014, petitioner DAVID HAROLD GREER, JR. filed with this Court a federal habeas petition challenging a November 9, 2010 conviction and sentence out of the 181st Judicial District Court of Potter County, Texas. *See State v. Greer*, No. 59,244-B. Respondent has filed a motion to dismiss that petition as successive. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is not successive and respondent's motion to dismiss should be DENIED.

## I.
## PROCEDURAL HISTORY

On November 9, 2010, petitioner was convicted by a Potter County jury of the felony offense of possession with intent to deliver a controlled substance (PCP) and sentenced to a 99-

year term of imprisonment in TDCJ-CID. A fine of $250,000 was also assessed. Petitioner timely appealed his conviction and sentence. *Greer v. State*, No. 07-10-00500-CR. On January 31, 2013, petitioner's conviction was affirmed on direct appeal. On February 26, 2013, petitioner requested, and the Texas Court of Criminal Appeals granted, an extension of time to file a petition for discretionary review (PDR) of the intermediate appellate court's decision. *In re Greer*, No. PD-0188-13.

On April 11, 2013,[1] before the petition for discretionary review had been filed, but while petitioner was in custody serving the 99-year sentence for his possession offense, petitioner filed a federal habeas corpus petition with the United States District Court for the Eastern District of Texas, Beaumont Division, challenging a September 28, 2012 prison disciplinary proceeding which took place at the Stiles Unit in Jefferson County, Texas. *Greer v. Wallace*, No. 1:13-CV-219. On that same date, petitioner also filed another habeas petition with the Eastern District challenging a November 13, 2012 prison disciplinary proceeding which also took place at the Stiles Unit in Jefferson County, Texas. *Greer v. Wallace*, 1:13-CV-220.

On April 16, 2013,[2] petitioner filed his petition for discretionary review with the Texas Court of Criminal Appeals seeking review of the appellate court decision affirming his Potter County possession conviction and 99-year sentence.

On May 31, 2013, the Eastern District federal court denied petitioner's habeas application

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

[2] *See Richards v. Thaler*, 710 F.3d 573 (5th Cir. March 5, 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex.Crim.App. 2010) (pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk)). The petition does not include a verification indicating when petitioner placed his petition in the prison mail, however, until provided evidence to the contrary by either party, this Court will use the date indicated on the Certificate of Service.

in No. 1:13-CV-220 on the basis that petitioner's punishment as a result of the disciplinary proceeding did not implicate a protected liberty interest because he did not lose previously accrued good time. Based upon the docket sheet available in No. 1:13-CV-219, as well as telephonic confirmation from the Eastern District Court, no ruling has issued in petitioner's first federal habeas corpus proceeding.

On June 12, 2013, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. The intermediate appellate court issued mandate on August 16, 2013. Petitioner did not seek review of the Texas Court of Criminal Appeals' refusal of his PDR by petitioning the United States Supreme Court for a writ of certiorari within ninety (90) days after the state court's decision. *See* Sup. Ct. R. 13.1, 13.3 (2013). Therefore, for purposes of the AEDPA, petitioner's Potter County possession conviction became final September 10, 2013 upon the expiration of the time period in which to file a petition for a writ of certiorari.

On April 8, 2014, petitioner sought collateral review of his Potter County conviction by filing a state habeas corpus petition. On July 9, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order.

On September 10, 2014, petitioner deposited in the prison mail the instant federal habeas petition challenging his possession conviction, raising claims of ineffective assistance of trial and appellate counsel. Petitioner's habeas application was received by this Court and file stamped on September 15, 2014. On December 10, 2014, respondent filed a motion to dismiss the petition as successive. Respondent asserts petitioner should have brought the claims challenging his Potter County conviction that are asserted in the petition under review by this Court, in either of his prior habeas petitions (*Greer v. Stephens*, Nos. 1:13-CV-219, 1:13-CV-220) challenging the

prison disciplinary proceedings.

In his reply to the motion to dismiss, petitioner argues his federal habeas petition should not be dismissed because, at the time he filed his first habeas petitions challenging the prison disciplinary proceedings in the Eastern District, the claims he now presents to this Court were still pending in state court on direct appeal. Petitioner also argues the claims asserted here were unexhausted for purposes of federal review and could not have been brought in the previous federal habeas petitions, and that the challenges to the disciplinary proceedings were challenges to judgments of a different court and could not be asserted in the same habeas petition with claims challenging his conviction.

On July 17, 2015, the undersigned issued a Briefing Order to respondent regarding the following issues:

1. Whether petitioner was required to raise his claims challenging his state conviction in his first federal habeas petition (challenging a prison disciplinary proceeding) even though the conviction he attacks here was **not final** when the first federal habeas petition was filed in the Eastern District of Texas on April 11, 2013. *Cf. In re Cain*, 137 F.3d 234 (5th Cir. 1998) (a second habeas corpus petition challenging a disciplinary proceeding that did not become final until *after* the first habeas corpus petition was filed was not successive).

2. Were petitioner's claims challenging his conviction "ripe" when he filed his first federal habeas petition? *Cf. Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009) (if a purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive).

3. Does the finality of the underlying judgment of conviction determine the "ripeness" of claims challenging that conviction? (The Court does not need additional briefing on the issue that "the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." Briefing should be limited to finality of the underlying judgment of conviction and ripeness of the claim.).

On August 5, 2015, respondent filed his response to the Briefing Order maintaining petitioner's application "seemingly meets the definition of 'successive'" under existing case law because the Fifth Circuit has not provided a "definitive legal measure that would support an affirmative finding that Greer's present petition is <u>not</u> successive." Respondent contends this Court "has no viable legal basis to exercise subject matter jurisdiction to adjudicate Greer's claims" because petitioner did not first obtain permission from the Fifth Circuit to file the instant petition. Respondent concludes this Court lacks such jurisdiction and petitioner's habeas application must be transferred to the Fifth Circuit, in lieu of dismissal, not only as a request for authorization to file a successive petition, but also for a determination as to whether petitioner's second habeas application is, in fact, "successive to his first."

Respondent acknowledges, however, "that viable arguments exist suggesting that Greer's petition may not be successive within the meaning of the relevant statute." Specifically, respondent acknowledges "there are compelling *prudential* reasons to suggest that Greer's conviction challenge was not sufficiently 'ripe' when he filed his first federal habeas petition." Respondent contends the unique structure of the statute addressing successive habeas petitions, the procedural and factual posture of this case, the sheer complexity of the ripeness question presented here, in addition to the lack of guidance from the Fifth Circuit on such issues and the necessity to consider other doctrines such as abstention, comity and federalism, compels a transfer to the Fifth Circuit to make such determinations. Respondent contends "it remains for the Fifth Circuit to resolve in the first instance this question of first impression, *i.e.*, whether and how application of various doctrines suggesting judicial restraint, bears on the question of successiveness." Respondent contends this case "must be immediately transferred to the Fifth

Circuit to resolve the complex question of prudential ripeness."

## II.
## SUCCESSIVENESS

As a preliminary matter, it appears respondent has abandoned his position that petitioner's federal habeas application should be summarily dismissed. Consequently, it is the opinion of the undersigned that respondent's motion to dismiss should be denied. The motion will, however, be considered as a request to transfer rather than as a motion to dismiss.

Respondent continues to maintain the instant petition is successive because it raises ineffective assistance of trial and appellate counsel claims challenging the Potter County conviction that "could have been raised" in either of petitioner's prior federal habeas petitions in the Eastern District of Texas (*Greer v. Stephens*, Nos. 1:13-CV-219, 1:13-CV-220) which challenged prison disciplinary proceedings. Respondent seeks the transfer of this case to the Fifth Circuit per *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

While this case certainly raises several issues which may ultimately be determined by the Fifth Circuit, the undersigned does not agree with respondent's position that the Fifth Circuit should decide those issues in the "first instance." Instead, this Court should first address the question of whether the petition is successive. If this Court determines the petition is successive, then there is no subject matter jurisdiction in this Court and transfer to the appellate court is required so that permission can be granted if appropriate. On the other hand, if this Court determines the petition is not successive, then, absent some other procedural obstacle, the merits of petitioner's claims should be addressed. This Court may not transfer merely because the facts present a close question and/or a novel question.

In determining whether the petition is successive, the Court must look to the language of the statute and the interpretation of that language by the Court of Appeals. A second-in-time petition does not automatically equate to one which is successive within the meaning of 28 U.S.C. § 2244. Instead, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Respondent argues in his motion to dismiss and his supplemental response, that Fifth Circuit precedent indicates petitioner should have raised claims challenging his conviction in one of his prior petitions challenging his disciplinary proceedings. In the case of *Propes v. Quarterman*, 573 F.3d 225 (5th Cir. 2009), the Court, citing prior precedent,[3] noted a subsequent petition is successive when it (1) presents a challenge to the petitioner's conviction that could have been presented in an earlier petition, or (2) can be said to be "an abuse of the writ," and that the "sole fact" that a claim is unexhausted when a first petition is filed will not excuse their omission from the earlier petition.[4] *Id.* at 229. Analyzing prior precedent, the Court held the "key is whether the unexhausted claim <u>arose</u> prior to the Section 2254 filing." (emphasis added). *Id.* The Fifth Circuit further held there is also "a requirement that the claims could actually have been brought together," noting a claim that does not <u>occur</u> until after a prior habeas has been "presented and resolved" could not have been brought in the earlier petition and would not be subject to the successiveness bar because it would have been impossible to bring a non-existent

---

[3] *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

[4] The Court noted prior precedent held that although raising unexhausted claims raised in a first petition would result in the petition being dismissed as a mixed petition, the second petition, filed after exhaustion of the claims, would not be successive.

claim. *Id.* at 230.

The Court ultimately found Propes's second federal habeas petition (challenging his underlying conviction) to be successive because the alleged errors raised in that second petition <u>occurred</u> before he filed his first federal habeas petition (challenging a prison disciplinary proceeding), and explained "[t]hat fact" made "the second habeas petition successive under the AEDPA." *Id.* Noting that Propes "had not yet <u>exhausted</u> his claims to the conviction in state court at the time he filed his initial petition for habeas relief [challenging his prison disciplinary proceeding]," the court held he was still required to bring those unexhausted claims in the earlier habeas petition.[5] The Court found that since Propes's second petition was successive it was barred under the AEDPA "absent some principle allowing removal of the bar." *Id.* The Court concluded the form required to be used to file a federal habeas petition, although "not the clearest expression" of the rule that disciplinary proceeding claims and more traditional claims attacking a conviction must be joined in a federal habeas petition, was not sufficiently misleading to remove the bar. *Id.* at 230-32. If *Propes* controls, then the petition challenging petitioner's underlying conviction appears successive.

While this case is very similar to *Propes*, it is distinguishable. Both petitioners filed federal habeas applications challenging state prison disciplinary proceedings without including, in those initial petitions, claims challenging their underlying convictions. In *Propes*, the factual basis for the claims challenging his conviction had "occurred" or "arose" before Propes filed his first habeas petition. At least one of Greer's claims, *i.e.*, that trial counsel was ineffective,

---

[5] Relying on prior precedent, the Court also noted TDCJ is not a state court, that prison disciplinary decisions are not judgments, and that "a challenge to a disciplinary proceeding is considered a challenge to the administration of the sentence for the underlying conviction." The Court thus held that "[i]ncluded within the results" of the judgment placing the petitioner in prison "are disciplinary proceedings that occur while he is subject to the conviction." *Id.*

"occurred" before Greer filed his first federal petition, but his claim of ineffective assistance of appellate counsel may not yet have occurred since the direct appeal was still pending. Neither Propes nor Greer had exhausted their claims when their first federal habeas petitions were filed although, as addressed in *Propes*, the lack of exhaustion does not excuse a petitioner from failing to raise claims in a prior petition. Per *Propes*, "[t]he key is whether the unexhausted claim <u>arose</u> prior to the Section 2254 filing." (emphasis added).

The critical difference between the facts of this case and *Propes* is the finality of the state conviction when each petitioner filed his first federal habeas application. In *Propes*, the petitioner's direct appeal of his state conviction had concluded and his conviction had become final under state law when his first federal habeas petition was file stamped of record.[6] Petitioner GREER's direct appeal of his state conviction, however, was still pending before the Texas Court of Criminal Appeals, and the conviction had not yet become final under state law when petitioner GREER filed his first two federal habeas petitions in the Eastern District. In fact, petitioner GREER's petition for discretionary review was not refused until June 12, 2013 and the mandate concluding petitioner's direct appeal and finalizing his judgment of conviction did not issue until August 16, 2013, a date not only subsequent to the filing of his Eastern District federal habeas petitions but a date after the second of those petitions had been denied and the case closed on May 31, 2013.[7]

The State of Texas has an important interest in its ongoing state judicial proceedings. By

---

[6] A conviction from which an appeal has been taken is final for the purposes of Article 11.07 of the Texas Code of Criminal Procedure when the clerk of the court of appeals issues that court's mandate. *Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008). Mandate in Propes's appeal issued on February 7, 2005 rendering his state conviction final before the opening of his first federal habeas case on February 8, 2005.

[7] Petitioner's conviction was not final for purposes of the AEDPA limitations period until September 10, 2013.

his current habeas petition attacking his Potter County conviction, GREER seeks injunctive relief in that he seeks to have his state conviction set aside. If he had filed his federal petition when his direct appeal was pending he would have been asking this Court to intervene in his pending state criminal appeal. This the Court could not do. Under the rule set out by the United States Supreme Court in *Younger v. Harris,* federal courts cannot grant injunctive relief based upon constitutional challenges to pending state criminal proceedings. *Younger v. Harris,* 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also DeSpain v. Johnson,* 731 F.2d 1171, 1178 (5th Cir. 1984)(holding that if a state action is pending at the time the federal complaint is filed, the federal action must be dismissed, and a state action is deemed "pending" until state appellate remedies are exhausted). Greer's direct appeal of his judgment of conviction was pending when he filed his federal habeas applications challenging the prison disciplinary proceedings. A federal habeas challenge to petitioner's conviction, made prior to the conclusion of the direct appeal of the conviction, would violate long standing principles of comity and federalism. The undersigned finds claims, even if they may have "occurred" prior to the time of an initial federal habeas corpus filing, should not be brought in a federal petition if the claims are still being actively litigated in a pending state court direct appeal.[8] In such an instance, a subsequent federal petition raising such claims is not abusive or successive.

Secondly, the "finality" of a claim, even if not the linchpin in determining if a subsequent petition is successive, is a strong consideration in determining whether the claim could have been brought or presented in an earlier federal habeas corpus petition. Petitioner GREER's claims

---

[8]If claims are pending in a state collateral judicial proceeding (state habeas corpus), case law holds the claims should still be asserted in any initial federal petition because "the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." *Crone v. Cockrell,* 324 F.3d 833, 837 (5th Cir. 2003).

were not final because the direct appeal of his conviction had not been resolved by the state courts at the time he filed his initial federal habeas petitions challenging his Jefferson County prison disciplinary proceedings. Consequently, even if finality is not the "legal measure for successiveness," it is an important factor to consider in determining whether subsequent petitions are abusive.

Lastly, the undersigned has found nothing to indicate the procedural barriers established by the AEDPA to prohibit "second or successive" petitions that are abusive were intended to apply to claims that were unripe at the time an initial federal habeas petition is filed. Claims challenging a conviction cannot be ripe until the finality of a state conviction is determined on direct appeal or if no appeal was taken, until the time to file notice of appeal has run. Any petition asserting such claims before finality of the judgment of conviction would be premature and would ordinarily be dismissed by the federal court. *Cf. Panetti v. Quarterman*, 551 U.S. 930, 946, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (creating an "exceptio[n]" to section 2244(b) for a second application raising a claim that would have been unripe had the petitioner presented it in his first application."). Requiring petitioners to file premature claims does not conserve judicial resources, reduce piecemeal litigation, or streamline federal habeas proceedings. *Id.* As noted in petitioner's reply, the advantage of the writ of habeas corpus is "its ability to cut through barriers of form and procedural mazes." *Harris v. Nelson*, 394 U.S. 286, 291, 89 S. Ct. 1082, 1086, 22 L. Ed. 2d 281 (1969). Holding prisoners to hard and fast procedural rules which would require unripe claims to be raised prematurely seems contrary to this Supreme Court maxim. Requiring petitioners to raise unripe claims prematurely, simply to ensure habeas review, tends to contravene the principles of "comity, finality and federalism" motivating the AEDPA. *Cf.*

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding a second petition was non-successive where it asserted a newly ripened claim that had been dismissed from a first application "as premature").

For these reasons, the undersigned finds petitioner's instant federal habeas application is <u>not</u> successive, that petitioner does not need appellate court authorization to file his petition, and that this Court has subject matter jurisdiction to consider the petition. Consequently, there is no basis to transfer this case to the Fifth Circuit. Based on the finding that petitioner's habeas application is not successive, respondent's Motion to Dismiss filed December 10, 2014 should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of September 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *  NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).